UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL REITMEIER, an individual; AJH INVESTMENT, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS V. FANT, an individual; LAW OFFICES OF DOUGLAS V. FANT PLC, an Arizona professional law corporation; A.L. SANDY MCDONALD, an individual; TENAMYD SG PTE LTD, a Singapore corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 3:25-cv-3571-JES-VET <br><br> **ORDER:** <br><br> **(1) STRIKING DOCUMENTS TITLED REQUEST TO APPEAR PRO HAC VICE AT DOCKET ENTRY 3 and 6; and** <br><br> **(2) STRIKING DOCUMENT TITLED JOINT MOTION TO DISMISS FOR LACK OF JURISDICTION AT DOCKET ENTRY 9** |

On December 12, 2025, Plaintiff filed the instant action against various Defendants, alleging violations of breach of contract. ECF No. 1. On January 7, 2026, Defendant filed a document titled "Request to Appear Pro Hac Vice," which had several exhibits attached to the document. ECF No. 3. That same day, Plaintiff filed a Notice of Improper Disclosure of Confidential Financial Information and Request for Corrective Action regarding the disclosure of Plaintiff's financial information in the exhibits attached to the Request to

Appear Pro Hac Vice. ECF No. 4. On January 8, 2026, the Court ordered Plaintiff to take corrective action within seven days of the date of the Order to properly redact versions of all exhibits identified in Plaintiffs' notice that contained unredacted financial account numbers, routing numbers, SWIFT codes, or other financial identifiers protected under Federal Rule of Civil Procedure ("FRCP") 5.2(a) and furthered ordered Plaintiff to display only the last four digits of any account number or identifier. ECF No. 5. On January 9, 2026, Plaintiff filed another document titled "Request to Appear Pro Hac Vice." ECF No. 6. Once again, this document contained unredacted financial account numbers, routing numbers and other financial identifiers protected under FRCP 5.2(a). *See generally Id.*

The Court scheduled an informal virtual conference with both counsel on January 12, 2026, at 10:00 a.m. to discuss these issues. The Court and counsel for Plaintiff appeared timely and waited for counsel for Defendants. At 10:14 a.m., the Court terminated the virtual conference after the Court and Plaintiff's counsel had been waiting for over fifteen minutes with no appearance from Defendants counsel. Defendants' counsel later contacted chambers and indicated he was appearing virtually, and no one was present. The Court indicated to both counsel it would file an order.

On January 20, 2026, Defendants filed a document titled "Joint Motion to Dismiss for Lack of Jurisdiction." ECF No. 9. This motion does not comply with this Court's Local Rules or Civil Chambers Rules. Civil Local Rule 7.1(b) requires that "[a]ll hearing dates for any matters on which a ruling is required must be obtained from the clerk of the judge to whom the case is assigned." Civ. L.R. 7.1(b). This Court's Civil Chambers Rule III.A. requires "any party contemplating the filing of any noticed motion before this Court must first contact opposing counsel to thoroughly discuss the substance of the motion and attempt to resolve the matter informally," and the "moving party must include in the motion papers a declaration to the following effect: 'This motion is made following the conference of counsel that took place on [date].'" Civil Chambers Rule III.A. Defendants did not include any reference to meeting and conferring with opposing counsel prior to filing the motion and did not call chambers to request a hearing date prior to filing the motion.

3:25-cv-3571-JES-VET

In light of the inclusion of unredacted financial account information in both filings, the Court **STRIKES** the Request to Appear Pro Hac Vice at ECF Nos. 4 and 6. Further, for failure to comply with the Court's Local Rules and Civil Chambers Rules, the Court **REJECTS** the Joint Motion to Dismiss at ECF No. 9 and orders the Clerk to **STRIKE** the document from the docket. Any further failure to comply with the FRCP, the Local Rules or the Court's Chambers Rules may lead to penalties pursuant to Civil Local Rule 83.1 or Criminal Local Rule 57.1.

    **IT IS SO ORDERED.**

Dated:  January 20, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge